NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LORETTA THOMAS and FRANKLIN THOMAS, <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO BANK, N.A. and ZUCKER, GOLDBERG, & ACKERMAN, LLC. <br><br> Defendants. | Civil Action No. 15-871 (JLL) <br><br> OPINION |

**LINARES**, District Judge

This matter comes before the Court upon Defendants' Motions to Dismiss. (ECF Nos. 5, 13.) Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. Upon consideration of the Parties' submissions, and for the reasons stated below, Defendants' Motions to Dismiss are **GRANTED**.

**I. BACKGROUND**

Plaintiffs bring this action as a result of Defendant Wells Fargo's foreclosure action against them. (Compl. at 1.) Though Plaintiffs' Complaint was almost entirely devoid of factual allegations, this Court has pieced together the relevant factual history.

On April 23, 2009, Plaintiffs Loretta and Franklin Thomas, who are proceeding *pro se*,[1] completed and signed a Uniform Residential Loan Application, borrowing $442,697.00 from MLD Mortgage, Inc. to refinance an existing mortgage against their property. (ECF No. 13 at Exhibit A). Ms. Thomas signed a promissory note agreeing to repay the loan. (ECF No. 13 at

---

[1] The Court notes that while Plaintiffs state that they are not *pro se* litigants, (Pls. Opp., ECF No. 14 at 1), Plaintiffs are proceeding on their own behalf, without a lawyer, which defines a *pro se* litigant, (*Black's Law Dictionary*).

1

Exhibit B). Plaintiffs executed a mortgage agreeing to secure the Note with real property located at 279 Seaview Ave in Jersey City, New Jersey. (ECF No. 13 at Exhibit C). The mortgage was assigned to Defendant Wells Fargo and recorded on January 9, 2012. (Def. Br., ECF No. 13 at 3).

According to Wells Fargo, Plaintiffs failed to meet their repayment obligations and defaulted on the loan. (Def. Br., ECF No. 13 at 3). Wells Fargo referred the matter to Defendant Zucker, Goldberg, & Ackerman, LLC ("ZGA") to file a foreclosure action. ZGA filed a foreclosure complaint in Hudson County Superior Court on December 23, 2013. (Def. Br., ECF No. 5 at 2.) Plaintiffs filed an answer, including counterclaims, on May 30, 2014. (ECF No. 5 at Exhibit D.) Thereafter, the law firm Reed Smith, LLP substituted into the case on behalf of Wells Fargo, replacing ZGA. (Def. Br., ECF No. 5 at 2.) Reed Smith moved for summary judgement on Wells Fargo's behalf. (Def. Br., ECF No. 5 at 3.) Judge Hector Velazquez granted Wells Fargo's motion for summary judgment on August 14, 2014, striking Plaintiffs' answer and dismissing their counterclaims with prejudice. (Def. Br., ECF No. 5 at 3.) After Judge Velasquez entered the order, ZGA substituted back into the case. (Def. Br., ECF No. 13 at 3.)

On September 24, 2014, counsel for Plaintiffs filed a motion to vacate the order entering summary judgment. (Def. Br., ECF No. 5 at 3.) On October 28, 2014, Judge Velasquez denied the motion to vacate. (Def. Br., ECF No. 5 at 3.) Plaintiffs filed the instant complaint on February 4, 2015. (Compl. at 1.)

## II. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(1)

District courts have original jurisdiction of civil actions arising under the laws and Constitution of the United States. 28 U.S.C. § 1331. Under Fed. R. Civ. P. 12(b)(1), a court must

grant a motion to dismiss if it does not have subject matter jurisdiction to hear a claim. A defendant may challenge subject matter jurisdiction by asserting that the complaint, facially, does not allege sufficient grounds to establish subject matter jurisdiction. Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d. Cir. 1977). When a cause of action appears to be "wholly insubstantial or frivolous," dismissal pursuant to Rule 12(b)(1) is appropriate. Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991) (citing Bell v. Hood, 327 U.S. 678, 682 (1946)). The plaintiff has the burden of proving that jurisdiction exists. Mortensen, 549 F.2d at 891 (3d. Cir. 1977).

**B. Federal Rule of Civil Procedure 12(b)(6)**

Fed. R. Civ. Proc. 12(b)(6) provides that a defendant may make a motion to dismiss a claim if Plaintiff "fail[s] to state a claim upon which relief can be granted." For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In determining the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). While a plaintiff is not required to provide detailed factual allegations, the pleadings must contain more than "the-defendant-unlawfully-harmed-me accusations" and "naked assertions." Ashcroft, 556 U.S. at 677-78. Conclusory statements are not sufficient to support legal conclusions. Id. In evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

## III. DISCUSSION

Dismissal is warranted in this case pursuant to both Fed R. Civ. P. 12(b)(1) and 12(b)(6). Plaintiffs' Complaint and Response in Opposition of Defendants' Motion to Dismiss fail to establish subject matter jurisdiction and fail to state any claim upon which relief can be granted. The Complaint also fails to allege facts supporting any of their asserted claims. Under Fed. R. Civ. P. 8(a), a pleading must provide a short and plain statement showing jurisdiction and entitlement to relief, and a demand for relief sought. A *pro se* litigants' complaint should be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," even if it is poorly articulated. Erickson v. Pardus, 551 U.S. 89, 94 (2007). With that in mind, this Court attempts to determine what causes of action *pro se* Plaintiffs Loretta and Franklin Thomas seek to plead. It appears that Plaintiffs allege that Defendants committed common law fraud with respect to their foreclosure and that Wells Fargo lacked standing to foreclose. (Compl. at 1-3.) They also allege that Defendants violated the Bank Secrecy Act, Plaintiffs' due process rights under the Fifth and Fourteenth Amendments, the Freedom of Information Act, the Fair Debt Collection Practices Act, and the Truth in Lending Act. (Compl. at 1-3.)

A. This Court lacks subject matter jurisdiction to adjudicate claims on which the state court has already rendered judgment.

It is apparent from the face of the Complaint that this Court lacks jurisdiction over several of Plaintiffs' claims under the Rooker-Feldman Doctrine. The Rooker-Feldman Doctrine prevents federal courts from reviewing cases that have already been heard and adjudicated in state court. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). Rooker and Feldman establish that "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 165. Plaintiffs' Complaint appears

to be just that, an appeal from their foreclosure action before Judge Velazquez. Much of Plaintiffs' Complaint is copied verbatim from their answer in the prior foreclosure action. (ECF No. 13 at Exhibit I.) For example, Plaintiffs allege that the Defendants are "in violation of the Truth [in] Lending [Act]." (Compl. at 3.) This identical claim was asserted by Plaintiffs, but subsequently stricken by Judge Velazquez, in the prior foreclosure action as barred by the appropriate statutes of limitations.[2] (Def. Br., ECF No. 13 at 24.) Thus, when Judge Velazquez dismissed Plaintiffs' counterclaims with prejudice in the underlying foreclosure action, he effectively rendered judgment on those claims. Pursuant to the Rooker-Feldman Doctrine, this Court does not have jurisdiction to review Judge Velazquez's judgment dismissing Plaintiffs' TILA claims.

Of final note, to the extent that Plaintiffs argue that Wells Fargo improperly foreclosed on their property because Wells Fargo has not "proven in State Court that they are the Holders in Due Course," this issue was also settled in State Court during the underlying foreclosure action. (Compl. at 1.) Plaintiffs previously raised the defense that Wells Fargo lacked standing to foreclose, and the defense was stricken by Judge Velazquez. (Def. Br., ECF No. 13 at 20.) Accordingly, the Rooker-Feldman Doctrine precludes this Court from reviewing the very same standing issue.

B. Plaintiffs fail to state a claim upon which relief can be granted.

Plaintiffs' Complaint consists mainly of isolated citations to various definitions and statutes without underlying facts to state a cause of action under same. Upon examination of these citations, it appears that Plaintiffs attempt to assert: 1) a common law fraud claim, 2) violations of the Bank Secrecy Act, 3) violations of Plaintiffs' Fifth and Fourteenth Amendment due process

---

[2] Under TILA, there is a one-year statute of limitations on claims for monetary damages and a three-year statute of limitations on claims for rescission. Additionally, Plaintiffs failed to actually request either of these forms of relief; they merely alleged that Wells Fargo had violated TILA.

5

rights, 4) claims pursuant to the Freedom of Information Act, and 5) violations of the Fair Debt Collection Practices Act. The Court finds each of these claims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### 1. The Bank Secrecy Act does not provide a cause of action for private individuals.

Plaintiffs allege that the underlying foreclosure action brought against them by Wells Fargo violates "Bank Secrecy Laws." (Compl. at 1.) It appears that Plaintiffs intended to reference the Bank Secrecy Act, which establishes recordkeeping requirements and reporting procedures for financial institutions. 1-1 Bank Secrecy Act and Anti-Money Laundering Service § 1.01. Plaintiffs allege that Defendants have violated the Bank Secrecy Act "by first obtaining secret funds through a third party [b]ank and in term monetizing [Plaintiff's] names by securing a profit." (Compl. at 1.) The Bank Secrecy Act regulates the recordkeeping and reporting relationships between financial institutions and federal agencies, not with private individuals. As such, private individuals have no claim under the Bank Secrecy Act. 1-1 Bank Secrecy Act and Anti-Money Laundering Service § 1.09. It does not provide any cause of action for the conduct Plaintiffs allege and such is dismissed with prejudice.

### 2. Plaintiffs have failed to provide any factual allegations indicating any violation of their due process rights.

Plaintiffs allege that "Wells Fargo Bank has denied the Plaintiffs' Constitutional Rights by violating [d]ue [p]rocess" (Compl. at 1.) The Fifth Amendment provides that "no person shall . . . be deprived of life, liberty or property, without due process of law." U.S. Const. Amend. 5. The Fourteenth Amendment provides that "no State shall . . . deprive any person of life, liberty or property, without due process of the law." U.S. Const. Amend. 14. Plaintiffs, however, fail to allege any facts with respect to Wells Fargo that indicate a violation of Plaintiffs' due process

6

rights. Thus, the Complaint does not contain sufficient facts to assert a plausible due process claim against Wells Fargo.

The only apparent factual basis Plaintiffs articulate with respect to due process states that "the [b]ank [l]awyers" failed to provide proper discovery, violating their due process rights. (Compl. at 2.) Plaintiffs name ZGA in their Complaint, suggesting that ZGA are the "bank lawyers" to which Plaintiffs refer. However, Wells Fargo was represented by two firms during the underlying foreclosure action. (Def. Br., ECF 5 at 4.) Further, ZGA was substituted out of the litigation and was not at all involved in discovery. (Def. Br., ECF 5 at 4.) Plaintiffs' claims against ZGA for violations of their due process rights are, at a minimum, misplaced.

The Court is mindful that *pro se* complaints are to be "liberally construed" and that "however inartfully plead, [they] must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). A *pro se* complaint may be dismissed for failure to state a claim only if it appears " 'beyond [a] doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (quoting Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). With this in mind, the Court dismisses Plaintiff's due process without prejudice.

### 3. The Freedom of Information Act provides no cause of action for private individuals.

Plaintiffs allege that "the process with [d]iscovery" was not proper "under the Freedom of Information Act" with respect to the underlying foreclosure action. (Compl. at 3.) The Freedom of Information Act ("FOIA") regulates the disclosure of government documents. 5 U.S.C. § 552. Wells Fargo, as a financial institution, and ZGA, as a law firm, are not regulated under FOIA.

7

Thus, FOIA does not provide Plaintiffs with any cause of action with respect to Wells Fargo or ZGA. Plaintiffs' claims relating thereto are properly dismissed with prejudice.

### 4. Plaintiffs' claims under the Fair Debt Collection Practices Act are barred by the statute of limitations.

Any action under the Fair Debt Collection Practices Act ("FDCPA") must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). The loan at issue from Wells Fargo originated on April 23, 2009, the foreclosure action was commenced by ZGA on December 23, 2013, and the instant action was commenced on February 14, 2015. Because Plaintiffs initiated this lawsuit nearly six years after the loan originated and a year and two months after the foreclosure action was initiated, the statute of limitations with respect to both Defendants for violations under the FDCPA has expired and this Court dismisses the appropriate claims with prejudice as futile.

### 5. Plaintiffs' claim under TILA against ZGA fails because TILA does not apply to ZGA.

The Truth in Lending Act governs disclosure requirements for creditors. 15 U.S.C. § 1631. Private individuals have a cause of action against a creditor if the creditor fails to observe these requirements. 15 U.S.C. § 1640. TILA applies only to creditors. The term "creditor" applies only to those who "both regularly extend[ ] . . . consumer credit . . . and is. . .to whom the debt arising from the consumer credit transaction is initially payable." 15 U.S.C. § 1602. Since ZGA is not a creditor by this definition, TILA does not apply, and Plaintiffs have no valid cause of action in this regard.

## IV. CONCLUSION

For the reasons stated above, Defendants' Motions to Dismiss (ECF No. 5, 13) are **GRANTED**. The Court dismisses Plaintiffs' TILA, FIOA, Bank Secrecy Act, FDCPA, and

standing claims with prejudice. The Court dismisses Plaintiffs due process claim without prejudice. Plaintiff shall have twenty days to file an amended complaint that contains sufficient facts with respect to any due process claims. Plaintiffs' failure to file an amended complaint on or before **July 14, 2015,** will result in dismissal with prejudice, upon Defendant's motion. An appropriate Order accompanies this Opinion.

Dated: June 22, 2015

JOSE L. LINARES
U.S. DISTRICT JUDGE