**REED SMITH LLP**
*Formed in the State of Delaware*
Diane A. Bettino, Esq.
Laura K. Conroy, Esq.
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, New Jersey 08540
Tel (609) 514-5956
Fax (609) 951-0824

Attorneys for Defendant Wells Fargo Bank, N.A.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LORETTA THOMAS and FRANKLIN THOMAS, | Civil Action No. 2:15-cv-00871-CCC-MF |
| Plaintiffs, | |
| v. | *Motion Returnable: September 8, 2015* |
| WELLS FARGO BANK, N.A., ZUCKER, GOLDBERG & ACKERMAN, LLC, | |
| Defendants. | |

## MEMORANDUM OF LAW IN SUPPORT OF WELLS FARGO BANK, N.A.'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT..................................................................1

STATEMENT OF FACTS AND RELEVANT PROCEDURAL HISTORY ..........3

    1.    Plaintiffs Applied for and Obtained a Loan to Refinance the Mortgage on Their Property. ................................................................3

    2.    The Foreclosure Action. ...........................................................3

    3.    Plaintiffs Filed the Complaint as a Collateral Attack on the Foreclosure and the Complaint was Dismissed......................................4

    4.    Plaintiffs Filed the Amended Complaint in Response to the Order Granting Defendant's Motion to Dismiss. ...............................5

LEGAL ARGUMENT ..........................................................................5

I.    PLAINTIFFS FAIL TO ASSERT A DUE PROCESS VIOLATION ............5

II.    PLAINTIFFS' OTHER CLAIMS WERE ALREADY DISMISSED WITH PREJUDICE TWICE ................................................................7

III.    PLAINTIFFS' RESPA ALLEGATIONS FAIL......................................8

    a.    Plaintiffs' RESPA Claim Is Barred by the Statute Of Limitations ..............................................................................8

    b.    There Is No Causal Link Between Plaintiffs' Damages and the Alleged RESPA Violation............................................9

CONCLUSION ....................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

DaimlerChrysler Corp. v. Cuno,
   547 U.S. 332 (2006) ..................................................................... 10

District of Columbia Court of Appeals v. Feldman,
   460 U.S. 462 (1983) ......................................................................6

Hunter v. Supreme Court of New Jersey,
   951 F. Supp. 1161 (D.N.J. 1996), aff'd, 118 F.3d 1575 (3d Cir.
   1997) ..............................................................................................3

Jones v. ABN AMRO Mortg. Grp., Inc.,
   551 F.Supp.2d 400 (E.D. Pa. 2008) ..............................................9

Lazaridis v. Wehmer,
   591 F.3d 666 (3rd Cir. 2010) ........................................................6

In re Mullarkey,
   536 F.3d 215 (3d Cir. 2008) ..........................................................6

Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,
   998 F.2d 1192 (3d Cir. 1993), cert. denied, 510 U.S. 1042 (1994) .....................3

Rooker v. Fidelity Trust Co.,
   263 U.S. 413 (1923) ......................................................................6

Younger v. Harris,
   401 U.S. 37 (1971) .................................................................... 2, 6

**Statutes**

12 U.S.C. § 2614 ................................................................................8

28 U.S.C. § 1257 ................................................................................6

**Rules**

Fed. R. Civ. P. 8(a) ...........................................................................9

Fed. R. Civ. P. 12(b)(1) .....................................................................9

Fed. R. Civ. P. 12(b)(6) ...................................................................................9

Fed. R. Civ. P. 60 ...........................................................................................7

Fed. R. Civ. P. 60(b) .......................................................................................7

## PRELIMINARY STATEMENT

On April 23, 2009, Plaintiffs Loretta Thomas and Franklin Thomas (collectively, "Plaintiffs") obtained a mortgage loan from MLD Mortgage, Inc. to refinance an existing mortgage against property located at 279 Seaview Avenue, Jersey City, New Jersey 07305 (the "Property"). Plaintiffs defaulted on their repayment obligations and a foreclosure lawsuit was filed in the Superior Court of New Jersey, Hudson County on December 23, 2013. On or about May 23, 2014, Plaintiffs filed an Answer and Counterclaims in response to the Foreclosure Complaint. On August 14, 2014, Judge Hector R. Velazquez entered an Order striking Plaintiffs' Answer and Affirmative Defenses and Dismissing the Counterclaims with prejudice.

Approximately seven months later, on February 4, 2015 Plaintiffs filed a Complaint against Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant") and Zucker, Goldberg & Ackerman, LLC in a blatant collateral attack on the Foreclosure Action. Most of the language and claims in the Plaintiffs' Complaint here is a verbatim recitation of the allegations they previously attempted to assert in their Answer and Counterclaims that were dismissed in the Foreclosure Action.

On June 22, 2015, this Court entered an Order dismissing all of the allegations in Plaintiffs' Complaint with prejudice, except for Plaintiffs' claim for an alleged "due process" violation, which was dismissed without prejudice.

Plaintiffs were given leave to refile only the due process claim to include "sufficient facts."   In response to the Order, Plaintiffs filed their Amended Complaint and request for relief from judgment.

Even with the opportunity to amend, the Plaintiffs still fail to articulate a claim.  The Amended Complaint is nothing more than Plaintiffs' attempt to further forestall the Foreclosure Action by making conclusory, unsupported allegations related to an alleged violation of due process in the Foreclosure Action and to try to re-litigate their claims that were dismissed with prejudice.   Not only has this Court dismissed the Plaintiff's claims with prejudice, but as set forth in Plaintiff's Motion to Dismiss the Complaint, all of these issues were already addressed by the State Court, or were claims that Plaintiffs could have and should have raised during the Foreclosure Action.   Plaintiffs' attempt to re-assert these claims now is barred by the Younger Doctrine and Entire Controversy Doctrine, among others, as fully briefed in Plaintiff's Motion to Dismiss the Complaint.   Not only are the claims barred, but even after amendment, Plaintiffs still fail to actually plead any of the elements necessary to sustain any of their claims.

Plaintiffs know full well that final judgment in the foreclosure action is imminent.   That, however, does not give Plaintiffs the right to continue to bring meritless claims before this Court that were already considered and dismissed by this Court and by the State Court.   Even after being given the opportunity to

amend, Plaintiffs' claims are legally and factually deficient in every respect and should be dismissed in their entirety, with prejudice.

## STATEMENT OF FACTS AND RELEVANT PROCEDURAL HISTORY

### 1.    Plaintiffs Applied for and Obtained a Loan to Refinance the Mortgage on Their Property.

On April 23, 2009, Loretta Thomas completed and signed a Uniform Residential Loan Application for $442,697.00 to refinance the loan on the Property. *Conroy Cert. Ex. A.*[1]   *Conroy Cert., Ex. A-C; see also Complaint.*  The loan is evidenced by a Note ("Note"). *Conroy Cert., Ex. B.*  To secure the Note, on April 23, 2009, Loretta Thomas and Franklin Thomas executed a Mortgage ("Mortgage") in favor of Mortgage Electronic Registration Systems, Inc. as nominee for MLD Mortgage, Inc.  *Conroy Cert., Ex. C.*  The Mortgage was recorded on May 4, 2009. *Id.*  On January 9, 2012, the Mortgage was assigned to Wells Fargo and the Assignment of Mortgage was recorded. *Conroy Cert., Ex. D.*

### 2.    The Foreclosure Action.

Plaintiffs failed to make the payments due and the loan went into default. Due to the default, Wells Fargo filed a Foreclosure Complaint on December 23,

---

[1]  The attached exhibits are documents relied on in the pleadings or public records that may be properly relied upon by the Court in deciding this Motion to Dismiss. Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993), cert. denied, 510 U.S. 1042 (1994); Hunter v. Supreme Court of New Jersey, 951 F. Supp. 1161, 1163 (D.N.J. 1996), aff'd, 118 F.3d 1575 (3d Cir. 1997).

2013 (the "Foreclosure Action"). *Conroy Cert., Ex. E.* Plaintiffs filed an Answer to the Foreclosure Complaint with Counterclaims on or about May 30, 2014. *Conroy Cert., Ex. F, H.* Wells Fargo moved to strike the contesting Answer and Dismiss the Counterclaims, and the motion was granted on August 14, 2014, striking Plaintiffs' claims and defenses with prejudice. *Conroy Cert., Ex. G.* Pursuant to New Jersey law, Wells Fargo demonstrated standing to foreclose by virtue of the publicly recorded Assignment of Mortgage and the foreclosure judgment reflects Wells Fargo's demonstration of its standing to foreclose. When the Foreclosure Complaint was filed, the loan was due for the December 1, 2012 payment and all subsequent payments. *Conroy Cert., Ex. E.*

### 3. Plaintiffs Filed the Complaint as a Collateral Attack on the Foreclosure and the Complaint was Dismissed.

Plaintiffs filed their Complaint on or about February 4, 2015. *Conroy Cert., Ex. I.* Defendant accepted service on April 15, 2015. [PACER No. 8]. Defendant requested a Clerk's extension of time to answer or move to May 20, 2015, which was granted. [PACER No. 9]. Wells Fargo moved to dismiss Plaintiff's Complaint with prejudice. *Conroy Cert., Ex. J.* On June 22, 2015, the Honorable Judge Jose L. Linares granted Defendants' Motion to Dismiss Plaintiffs' Complaint with prejudice. *Conroy Cert., Ex. K.* Pursuant to the Order, Plaintiffs had 20 days to "file an amended complaint that contains sufficient facts with respect to any due process claims." *Id.*

**4.    Plaintiffs Filed the Amended Complaint in Response to the Order Granting Defendant's Motion to Dismiss.**

Pursuant to the Order, Plaintiffs filed their Amended Complaint on July 10, 2015.  *Conroy Cert., Ex. L.*  Defendant now files this Motion to Dismiss the Amended Complaint and requests that this Court dismiss all of Plaintiffs' claims with prejudice.

**LEGAL ARGUMENT**

**I.    PLAINTIFFS FAIL TO ASSERT A DUE PROCESS VIOLATION**

In their Amended Complaint, Plaintiffs allege that Defendants have somehow infringed on their constitutional due process rights during the Foreclosure Action.  Plaintiffs already attempted to assert a due process claim against Defendants in their original Complaint, which was dismissed pursuant to Judge Linares' Order.  In the Order, Judge Linares states that Plaintiffs "fail to allege any facts with respect to Wells Fargo that indicate a violation of Plaintiffs' due process rights."  *Conroy Cert. Ex. K.*  Plaintiffs were given the opportunity to replead their claim with supporting facts, yet they have failed to do so.  In the Amended Complaint, Plaintiffs still fail to allege any facts to show how Wells Fargo violated their due process rights by denying them their legal rights during the foreclosure.

In contrast, the record in the Foreclosure Action shows Plaintiffs received and accepted service of Wells Fargo's Summons and Complaint, and that they filed

an Answer Affidavit Discovery and Disclosure Counter Claim filed on May 30, 2014. *Conroy Cert. Ex. F.* Their claims were considered by the State court and then dismissed. They had their day in court.

As fully briefed in Defendant's Motion to Dismiss the Complaint, and fully incorporated herein, all of the issues the Plaintiffs allege in the Amended Complaint are precluded by the Foreclosure Action.

Even if there had been a problem with due process in the Foreclosure Action, which Defendant denies, such issue is for the State Court to decide as it relates entirely to the Foreclosure Action. See Lazaridis v. Wehmer, 591 F.3d 666, 670 (3rd Cir. 2010); Younger v. Harris, 401 U.S. 37 (1971); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); see also 28 U.S.C. § 1257; In re Mullarkey, 536 F.3d 215, 299 (3d Cir. 2008). Once the Final Judgment is entered in the Foreclosure Action, Plaintiffs will have the opportunity to appeal the ruling to the Appellate Division.

As such, Plaintiffs were given proper notice, served with the complaint in the Foreclosure Action, and had a legitimate opportunity to dispute the Foreclosure Complaint in State Court. The Plaintiffs fully litigated their claims in State Court and were not denied any process of law. Therefore, Plaintiffs' meritless assertions about a supposed lack of due process are contradicted by the record and should be dismissed with prejudice in their entirety.

## II.   PLAINTIFFS' OTHER CLAIMS WERE ALREADY DISMISSED WITH PREJUDICE TWICE

To the extent Plaintiffs attempt to use the Amended Complaint as a "Relief from Judgement or Order," their filing is improper.  Plaintiffs' other claims were dismissed with prejudice by this Court, and they were also dismissed with prejudice by the State Court.  Plaintiffs' attempt to litigate their claims for the third time must be disregarded.

Plaintiffs' request for "relief" from the Court's Order dismissing their claims fails to meet the requirements of Fed.R.Civ.P. 60, which states that a party may seek relief from a judgment or order due to a clerical mistake, or on the following grounds:

(1)   mistake, inadvertence, surprise, or excusable neglect;

(2)   newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3)   fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4)   the judgment is void;

(5)   the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6)   any other reason that justifies relief.

Fed.R.Civ.P. 60(b).

Here, Plaintiffs have not identified any mistake, inadvertence or excusable neglect in the Court's Order.   Nor have they identified any newly discovery evidence or fraud in the Court's ruling.   Plaintiffs have not offered any reason why the Order of June 22, 2015 should not stand, dismissing Plaintiffs' claims with prejudice.

## III.   PLAINTIFFS' RESPA ALLEGATIONS FAIL

In the Amended Complaint, Plaintiffs also make passing reference to an alleged violation of the Real Estate Settlement Procedures Act ("RESPA").   The alleged RESPA violation is outside the parameters of the Court's Order of June 22, 2015, permitting amendment of the alleged due process claim.   Furthermore, the Plaintiffs' alleged RESPA violation is legally deficient and must fail because: (1) their claim is barred by the one-year statute of limitations under RESPA, and (2) there is no causal link between Plaintiffs' purported damages and the alleged RESPA violation.

### a.   *Plaintiffs' RESPA Claim Is Barred by the Statute Of Limitations*

The one-year statute of limitations for bringing a claim for damages under RESPA bars Defendants' claim. 12 U.S.C. § 2614.   The closing for this loan took place on April 23, 2009.  *Conroy Exs. A-C.*  As such, Plaintiffs were required to bring a cause of action within one year of that date.   However, Plaintiffs first asserted this RESPA claim on July 10, 2015 when they filed the Amended

- 8 -

Complaint, over six years after the alleged violation.  Consequently, this claim is barred by the statute of limitations, and must be dismissed.

> **b.    There Is No Causal Link Between Plaintiffs' Damages and the Alleged RESPA Violation**

Even if Plaintiffs' RESPA claims were not time-barred, Plaintiffs must allege a causal link between the purported <u>specific</u> damages at issue and the alleged RESPA violation in order to state a colorable claim.  Plaintiffs have failed to do so.  <u>See Jones v. ABN AMRO Mortg. Grp., Inc.</u>, 551 F.Supp.2d 400, 409 n.9 (E.D. Pa. 2008) (dismissing RESPA claims because plaintiff did not allege specific damages suffered as the result of the alleged RESPA violations).  Plaintiffs fail to specify the alleged wrongful acts of the Defendant and they fail to allege with specificity any facts regarding their actual damages.   Thus, Plaintiffs fail to establish a causal link between the purported "damages" they suffered and the alleged conduct of Defendant.  Accordingly, Plaintiffs have failed to allege any facts that could possibly support a RESPA claim because there are no facts to establish a causal link between their damages and Defendant's actions.  Therefore, this claim is legally deficient and must be stricken as a matter of law.

## CONCLUSION

The Federal Rules of Civil Procedure provide that a party may file a Motion to Dismiss a claim for "lack of subject matter jurisdiction" or for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(1), 12(b)(6), 8(a).

Plaintiffs' Amended Complaint is wholly void of any factual or legal basis which would entitle Plaintiffs to relief under any of their theories.  "If a dispute is not a proper case or controversy, the courts have no business deciding it, or expounding the law in the course of doing so." DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 341 (2006).

For the foregoing reasons, Defendant Wells Fargo Bank, N.A. respectfully requests that this Court dismiss all of the allegations in Plaintiffs' Amended Complaint with prejudice.

Respectfully submitted,

**REED SMITH LLP**

*/s/ Laura K. Conroy*

Laura K. Conroy

Dated:  July 27, 2015