**NOT FOR PUBLICATION**                                    **CLOSED**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LORETTA THOMAS, et al., | Civil Action No.: 15-871 |
| Plaintiffs, | **ORDER** |
| v. | |
| WELLS FARGO BANK, et al., | |
| Defendants. | |

**CECCHI, District Judge.**

Before the Court is the unopposed motion of Defendant Wells Fargo Bank ("Defendant" or "Wells Fargo") to dismiss the Amended Complaint of pro se Plaintiffs Loretta Thomas and Franklin Thomas (collectively, "Plaintiffs") pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 20.)[1] No oral argument was heard pursuant to Federal Rule of Civil Procedure 78. It appearing that:

1. Plaintiffs filed their initial Complaint on February 4, 2015, where they asserted various claims arising out of Defendant Wells Fargo's foreclosure action against them. (ECF No. 1.) On June 22, 2015, this Court entered an Order dismissing all of the allegations in Plaintiffs' Complaint with prejudice, except for Plaintiffs' due process claims, which the Court dismissed without prejudice. (ECF Nos. 16, 17.) Plaintiffs were given leave

---

[1] On January 12, 2016, Defendant Zucker, Goldberg, & Ackerman, LLC ("ZGA") advised the Court that on August 3, 2015, it filed a Chapter 11 Bankruptcy Petition in the District of New Jersey bearing petition number 15-24585-CMG. (ECF No. 22.) On January 26, 2016, the Court administratively terminated this case, without prejudice, as against ZGA pending the outcome of the Bankruptcy Petition. (ECF No. 23.)

"to file an amended complaint that contains sufficient facts with respect to any due process claims." (ECF No. 16, at 9.)

2. On July 10, 2015, Plaintiffs timely filed their Amended Complaint. (ECF No. 18.) Defendant Wells Fargo filed the instant motion to dismiss on July 27, 2015. (ECF No. 20.) No objections have been filed thereto.

3. In their Amended Complaint, Plaintiffs allege Wells Fargo somehow violated their due process rights during the foreclosure action. The Fifth Amendment provides "no person shall . . . be deprived of life, liberty or property, without due process of law." U.S. Const. amend. V. The Fourteenth Amendment provides "no State shall . . . deprive any person of life, liberty or property, without due process of the law." U.S. Const. amend. XIV. Plaintiffs' Amended Complaint, like their initial Complaint, fails to allege any facts showing that Wells Fargo violated their due process rights by denying them certain rights during the foreclosure action. In light of Plaintiffs' pro se status, the Court will again dismiss Plaintiffs' due process claims without prejudice. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (internal quotations omitted)). Plaintiffs shall have thirty days from the date of this Order to file a second amended complaint that contains sufficient facts with respect to any due process claims. Plaintiffs' failure to file a second amended complaint within thirty days will result in dismissal with prejudice.

4. Additionally, in their Amended Complaint, Plaintiffs appear to request relief from this Court's June 22, 2015 Order. Federal Rule of Civil Procedure 60(b) states that a party

may seek relief from a final judgment or order for:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Here, Plaintiffs have not identified any mistake, inadvertence, surprise, or excusable neglect in the Court's June 22, 2015 Order.  Moreover, Plaintiffs have not identified any newly discovered evidence or fraud in the Court's ruling.  As such, the Court will not vacate its June 22, 2015 Order.

5. Finally, Plaintiffs appear to add a claim for a violation of the Real Estate Settlement Procedures Act ("RESPA") in their Amended Complaint.  As the alleged RESPA violation is outside of the parameters of this Court's June 22, 2015 Order, which permitted Plaintiffs to file an amended complaint with respect to any due process claims, this Court will not entertain Plaintiffs' alleged RESPA claim.  Accordingly,

**IT IS** on this _____29____th day of _January_ 2016,

**ORDERED THAT:**

1. Defendant's motion to dismiss, ECF No. 20, is **GRANTED**.

2. All claims in the Amended Complaint are **DISMISSED**, with prejudice, with the exception of any due process claims against Defendant Wells Fargo, which will be dismissed without prejudice.

3. To the extent Plaintiffs can cure the deficiencies identified in their due process claims

by way of amendment, Plaintiffs are granted thirty (30) days to file a second amended

complaint.  Failure to timely file a second amended complaint will result in dismissal

with prejudice.

4.   The Clerk of the Court shall **CLOSE** the file in this matter.

**SO ORDERED.**

_____

**CLAIRE C. CECCHI, U.S.D.J.**