

### UNITED STATES DISTRICT COURT
#### DISTRICT OF NEW JERSEY

CHAMBERS OF
CLAIRE C. CECCHI
UNITED STATES DISTRICT JUDGE

Martin Luther King Jr., Federal Bldg.
& U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102
(973) 645-6664

August 5, 2021

In re: *Thomas, et al. v. Wells Fargo Bank, et al.*
15-cv-871

Dear Sir/Madam,

It has recently been brought to my attention that while I presided over this case, Wells Fargo stock was held in my husband's separately managed, automated investment account. This ownership of stock neither affected, nor impacted, my decisions in this case. However, this stock ownership raises issues regarding recusal under the Code of Conduct for United States Judges.

This matter arises out of a foreclosure in State Court and was assigned to me from another judge. The prior judge dismissed Plaintiffs' claims on the basis of a lack of subject matter jurisdiction and other grounds, but allowed Plaintiffs to replead a due process claim. Similarly, in a subsequent order, I dismissed Plaintiffs' amended complaint, but allowed Plaintiffs thirty (30) days to file a second amended complaint based upon their due process claim. Plaintiffs failed to file a second amended complaint.

Nevertheless, Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

[A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment is entered in a district court by a judge and it is later learned that the judge was disqualified."

With Advisory Opinion 71 in mind, if you wish to respond to this disclosure, you may do so within ten (10) days of receipt of this letter. Any response will be considered by another judge of this Court without my participation.

Sincerely,

**CLAIRE C. CECCHI, U.S.D.J.**